## WHITEHEAD v. HALSEY.

(City Court of New York, General Term. April 14, 1893.)

REAL-ESTATE AGENTS—ACTION FOR COMMISSIONS.

In an action to recover a broker's commission for the sale of real estate it appeared that through the efforts of the broker with whom defendant placed the land for sale it was brought to the attention of G., who concluded to purchase it if he could rent it to H., and the broker so informed defendant. Afterwards defendant informed the broker that C. was negotiating with him (defendant) for the land, and if, as he suspected, C. was buying it for G., and it was leased to H., he would pay plaintiff's assignor his commission. C. did buy it for G., who leased it to H. *Held,* that a verdict for plaintiff was not against the weight of evidence.

Appeal from trial term.

Action by Thomas Whitehead against Lewis B. Halsey to recover a broker's commission for a sale of land made by plaintiff's assignor. There was a judgment for plaintiff, and, defendant's motion for a new trial being refused, he appeals.  Affirmed.

Argued before VAN WYCK and FITZSIMONS, JJ.

J. Cochrane, for appellant.

James Flynn, for respondent.

VAN WYCK, J.  The action is to recover commissions for services rendered by Mr. Peck, plaintiff's assignor, in selling a house and lot for defendant.  The defendant placed the property No. 11 West Twenty-Fourth street, which adjoined the Hoffman House and the property of Mrs. Elbridge T. Gerry, in the hands of Mr. Peck for sale in 1889, and from time to time Peck spoke to Mr. Stokes, of the Hoffman House interest, and other parties, about the property, and Mr. Stokes said he would lease or buy the same if he could get it right; and later in the negotiations Stokes told Peck that he would not buy it himself, but said, "I know a party who will buy it if I can make satisfactory arrangements with them for a lease;" and· at first he did not say who this party was, but that the owners of the Hoffman House property were inducing them to buy it, and that then he could take a lease of it; and later on Stokes told Peck that the party who would buy it was Elbridge T. Gerry.  Mr. Peck made a full report to the defendant of these conversations and negotiations with Mr. Stokes.  Mr. Stokes testified that Mr. Peck was the first broker who called his attention to the property, and that after some negotiations Peck said the very least he could do was $50,000, and that at his suggestion he, Stokes, saw Mr. Gerry about purchasing the property, and that Gerry bought the same, and leased to him, and that he now occupies it under that lease.  Mr. Gerry testified that Mr. Stokes mentioned to him that there was a house and lot adjoining the Hoffman House on the side street for sale, and that it would be a valuable addition to the property if he (Gerry) would purchase it, and that Stokes stated the terms on which he would like to rent it.  Mr. Gerry says that he purchased the property for his wife at $50,000, and leased the same to Stokes.  Mr. Peck testified at folio 33:

"I had a conversation with Mr. Halsey, and got a telegram from him shortly before the contract of sale of the house was made. That telegram had reference to the proposed sale to Mr. Gerry. I went and saw defendant on receipt of this telegram. Defendant then said to me: 'I suspect that the party you have been talking about is negotiating for the house. A gentleman came in either this morning or yesterday morning, and asked me if I owned the house 11 W. 24th street, and said: "I have come to talk with you about buying it. I will make you an offer for it,—an offer of $45,000."' I am stating what Mr. Halsey told me. 'But I told him that would not be entertained for a moment, and he said, "What will you take? or will you entertain an offer of $50,000?" I said I would entertain that offer, and the man went out and was gone a short time, and came back and offered me $50,000 for the property.' Defendant told me this, and then I asked defendant who it was, and he said, 'Mr. Cruickshank.' I then said, 'Well, now, I see you understand as we have been talking, Mr. Halsey; we are going to reach a point. Now,

where do I stand?' And defendant said: 'Yes, they were buying it. They may buy it for somebody else, but if they are buying it for the estate of Mr. Elbridge T. Gerry and those people, and it is leased to the Hoffman House, I know it is through your negotiations, and I will pay you the amount of your commission.' I said, 'That is satisfactory, but you know it is to go there.' Mr. Halsey said further that Mr. Cruickshank said to him, 'I suppose the commission goes with this sale the usual way?' and Mr. Halsey said, 'I told him no; not at all; that there are other parties interested in this matter if it goes a certain way.'"

The verdict for plaintiff, the assignee of Peck, is not against the weight of evidence, and, no error of law having been made, the judgment and order appealed from should be affirmed, with costs.